O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| MARK S. CORNWALL,<br><br>    Plaintiff,<br><br>    v.<br><br>BSI FINANCIAL SERVICES, INC., d/b/a SERVIS ONE, INC.; ARLP TRUST 3; and DOES 1–50, inclusive,<br><br>    Defendants. | Case No. 2:15-CV-9850-ODW-AGR<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT [7, 11]** |

## I.  INTRODUCTION

Plaintiff Mark S. Cornwall ("Cornwall") moves to remand this action to San Luis Obispo County Superior Court for lack of subject matter jurisdiction (Motion to Remand ["Remand Mot."] 1–2, ECF No. 11.) and Defendant BSI Financial Services, Inc., doing business as Servis One (hereinafter "Servis One"), simultaneously moves to dismiss.  (Motion to Dismiss ["Dismiss Mot."], EFC No. 7.)  In his remand motion, Plaintiff argues that Servis One has failed to establish diversity jurisdiction under 28 U.S.C. § 1332(a), as Defendant cannot show that the amount in controversy exceeds the jurisdictional minimum of $75,000.  (*Id.* 7–8.)  In response, Servis One argues that the value of the object of the litigation satisfies the jurisdictional minimum.  (Notice of Removal ["Notice"] 6, ECF No. 1.)  For the reasons discussed below, the Court

finds that Servis One's Removal does not meet the standards set forth by 28 U.S.C. § 1332(a), and without a basis for federal jurisdiction, the Court hereby **REMANDS** this case and **DISMISSES** Defendant's motion to dismiss as **MOOT**.[1]

## II. FACTUAL BACKGROUND

Plaintiff's' claims arise from a refinanced mortgage agreement between Countrywide Home Loans, Inc. ("Countrywide") and Plaintiff's brother, Tod Tucker Cornwall ("Borrower") in the amount of $500,000. (Complaint ["Compl."] ¶ 9, Notice, Ex. A, EFC No. 1.) In connection with the loan, Borrower executed a promissory note secured by a deed of trust ("Deed"). *Id*. Cornwall claims that Countrywide did not disburse the loan in full to Borrower.[2] (*Id*. ¶ 10.) According to Cornwall, Borrower deeded the home, located at 51 Mannix Avenue, Cayucos, California, ("Property") to him on June 17, 2010. (*Id*. ¶¶ 2, 12.) Borrower passed away in February 2011, and Cornwall alleges that the loan was current at the time of Borrower's death. (*Id*. ¶ 13.) Cornwall claims that he has lived on the Property since June of 2010, and sets forth in his unjust enrichment claim that he has since invested approximately $58,000 into the Property. (*Id*. ¶¶ 12, 40.) Since its disbursement, Countrywide sold and transferred the loan to several loan servicers, including Bank of America Home Servicing, LP ("BA"). (*Id*. ¶¶ 11, 16, 21.) BA has since assigned the Deed to Defendant ARLP Trust 3 ("ARLP") (*Id*. ¶ 18.), and the loan's current servicer is Servis One, a Delaware corporation with its principal place of business in Texas.[3] (*Id*. ¶ 21; Notice 5.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motions, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

[2] Cornwall does not dispute the validity of this loan, as he waived his ability to do so in a previous action. (Opposition to Motion to Remand ["Remand Opp'n"] 3, EFC No. 19.)

[3] In its Notice of Removal, Servis One offers citizenship and residency information for each defendant, except for ARLP Trust 3—instead, Servis One offers the citizenship of Wilmington Savings Fund Society, which is not a party to this suit. (Notice 5.)

Servis One contends that Cornwall's suit at bar is merely an attempt to stall foreclosure. (Dismiss Mot. 1.) Cornwall maintains that he has the money to pay the mortgage, and is willing to do so, but needs an accounting to determine how much is owed. (Opposition to Motion to Dismiss ["Dismiss Opp'n"] 2–3.) Cornwall alleges that the current amount of indebtedness is unknown, and that the amounts due listed in his mortgage statements vary erratically. (Compl. ¶ 26; Cornwall Decl. 6, Remand Mot. Exs. I, J.) To illustrate his argument, Cornwall points to Servis One and its predecessor's own statements—the balance due jumped over $36,000 in a two month time period, from $121, 232.15 to $157,589.86. (Ex. I at 1–2.) Cornwall also asserts that he made attempts outside of litigation to obtain an accounting without success. (Remand Mot. 3, 5.)

On November 23, 2015, Cornwall filed this action in San Luis Obispo County Superior Court. (Compl. 1.) Servis One removed the action to this Court on December 22, 2015 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Notice 1.) On December 30, 2015, Servis One also moved to dismiss the Complaint. (Dismiss Mot. 1.) On January 11, 2016, Plaintiff opposed Servis One's Motion to Dismiss and moved to remand this action. (Dismiss Opp'n 1; Remand Mot. 2–3.) The Remand Motion is now before the Court for decision.

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The

party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or has diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of either federal question or diversity jurisdiction. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

## IV. DISCUSSION

The parties dispute whether the amount in controversy and diversity of citizenship requirements have been satisfied. Servis One argues that the value of the object of litigation is the Property itself and that the value is well over the jurisdictional minimum. (Notice 6.) Servis one also indicates that Cornwall seeks compensation for $58,000 in improvements to the Property, and those improvements, together with an undetermined amount of disgorgement, restitution, and special damages, will satisfy the jurisdictional minimum. (*Id.*) Cornwall, in turn, argues that Servis One's mere speculation cannot satisfy their burden in establishing that the amount in controversy and diversity of citizenship requirements are met. (Remand Opp'n 2.) Cornwall further argues that the object of this litigation is not the Property itself, but rather the balance of the outstanding mortgage. (*Id.*) While Servis One vigorously argues that Cornwall is merely trying to delay foreclosure, Cornwall counters that, after an accurate accounting, he will make the necessary payments. (*Id.*) This Court considers each element of diversity jurisdiction in turn.

### A. Amount in Controversy

Where, as here, a plaintiff's state court complaint does not specify a particular amount of damages, the defendant has the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Therefore, as the proponent of federal jurisdiction, Servis One bears the burden of showing that it is "more likely than not" that the amount in controversy exceeds $75,000. *Id*. at 398. Defendants can meet this burden by offering facts that support the contention that the amount in controversy exceeds the jurisdictional minimum, or producing evidence of jury verdicts for damages awarded in cases with analogous facts. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033–34 (N.D. Cal. 2002). The removal statute is strictly construed against removal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Therefore, where doubt whether the right to removal exists, a case should be remanded to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Cornwall's Complaint does not specify the exact amount of damages he seeks; his claims are instead for an accounting and related damages. (Compl. 10–12.) While Cornwall does seek $58,000 in damages under his unjust enrichment claim (Remand Mot. 4.), that amount does not meet the jurisdictional minimum and Servis One has not offered any specific evidence of disgorgement, restitution, or special damages that may bring the amount in controversy past the jurisdictional threshold of $75,000. (*See* Notice 6.) As in *Gaus v. Miles, Inc.*, where "the plaintiff does not claim damages in excess of the jurisdictional minimum and the defendant offers "no facts whatsoever" to show that the amount in controversy exceeds the jurisdictional minimum, then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116

F.3d 373, 376 (9th Cir. 1997) (citing *Gaus*, 980 F.2d at 567). Just like the defendant in *Gaus*, Servis One has not shown the amount in controversy to be satisfied. (*See* Notice 6.) Therefore, without knowing the outstanding balance on the Property mortgage, Servis One cannot meet its burden of showing that the amount in controversy exceeds $75,000.

While Plaintiff does not seek to invalidate the underlying mortgage, cases seeking rescission likewise look to the mortgage to determine whether the amount in controversy requirement is met. In such rescission actions, "some district courts in the Ninth Circuit have relied on the amount of [the] indebtedness ..., while others have looked to the fair market value of the property to determine whether the amount in controversy requirement is met." *Reyes v. Wells Fargo Bank, N.A.*, No. C–10–01667 JCS, 2010 WL 2629785, *5 (N.D. Cal. June 29, 2010). When considering the amount of indebtedness, district courts in this circuit have disagreed as to whether the total value of the loan or the plaintiff's current indebtedness should be used to determine the amount in controversy. *Compare Garcia v. Citibank, N.A.*, No. 2:09–CV–03387–JAM–DAD, 2010 WL 1658569, *2 (E.D. Cal. Apr. 23, 2010) ("Here … [t]he subject loan amount was originally $221,000.00, excluding interest. As such, if the contract were rescinded, the value of relief would be at least $221,000.00, which far exceeds the requisite amount in controversy.") *with Reyes*, 2010 WL 2629785 at *6 ("[D]ocuments attached to the Complaint indicate that the amount of unpaid debt on the loan at the time of the trustee's sale was $460,946.68. Therefore, [the] method of valuing the litigation puts this case over the $75,000.00 amount in controversy threshold.").

Here, the value of the original loan was $500,000. (Compl. ¶ 9.) However, since Cornwall claims that the $500,000 was never dispersed to Borrower, using it to determine the amount in controversy would not only be unfair to Cornwall, but it would be insensible. If the loan amount was in fact never dispersed, and this Court

chose to use the value of the loan, it would be akin to choosing a number at random to determine the amount in controversy. Because Servis One will not share with this Court, nor with Cornwall, an accounting showing any disbursements made on the loan, we cannot use the value of the loan to determine the amount in controversy. Similarly, the current amount of indebtedness is also unknown. (Compl. ¶ 26.) Servis One is challenging Cornwall's accounting action, and is also the only party that knows the outstanding balance on the mortgage; the Court finds that Servis One cannot have it both ways, and simultaneously swear that the debt exceeds $75,000 while also challenging any action that forces it to prove up that number. Therefore, because doubt as to the jurisdictional minimum—and to the right of removal—exists, this case should be remanded to state court. (*Gaus*, 980 F.2d at 566.)

### B.     Diversity of Citizenship

To establish the citizenship of a natural person for purposes of diversity jurisdiction, a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Here, it is undisputed that Cornwall is a citizen of California. (Notice 5; Remand Mot. 4.) Furthermore, Cornwall does not dispute that Servis One is incorporated in Delaware and that its principal place of business is in Texas. (Remand Motion Reply 5, ECF No. 21.) However, Defendant's Notice of Removal fails to allege the citizenship of ALRP, and instead lists the deed trustee as Wilmington Savings Fund Society, FSB. (Notice 5.) Wilmington is not named as a party to this action, and therefore its citizenship is of no consequence. Without knowing the citizenship of each named defendant, the Court cannot ensure complete diversity. The

Supreme Court "ha[s] consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Therefore, without satisfying the diversity elements for each party, including ALRP, Servis One's removal action must again fail. (Notice 5.)

## V.  CONCLUSION

For the reasons discussed above, the Court finds that there is no subject matter jurisdiction over this action under 28 U.S.C. § 1332. Accordingly, the Court **GRANTS** Plaintiff's Remand Motion and **DENIES** Defendant's Motion to Dismiss as **MOOT**. (ECF No. 11.) This action shall be remanded to the San Luis Obispo County Superior Court, case number 15-CV-0625. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

March 4, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**